Charles A.
Watkins claimed to recover to the New York Central and Hudson River Railroad Company $305, with interest from the 22d day of January, 1886, and the defendant resists said claim.
The following are the facts upon which the controversy depended: At the time mentioned the defendant was a corporation organized and existing under the laws of the state of New York, and was a common carrier of passengers and their baggage. The plaintiff was a theatrical manager and his custom was to make short stops for a few nights at various towns to give performances. On the 22d day of January, 1886, defendant agreed with plaintiff for a sufficient and valuable consideration, to transport plaintiff and a reasonable quantity of baggage from Suspension Bridge, New York, to New York city, upon the trains and
*593 ferry boats of the West Shore Railroad, said railroad being then leased to and managed and operated by the defendant. For such ■ consideration defendant further agreed with plaintiff to perform toward plaintiff all the duties and obligations of a railway company to its passenger in relation to the transportation of such passenger and the transportation and delivery to such passenger of his baggage. Plaintiff thereupon delivered to defendant for such transportation to New York city, a trunk containing a reasonable quantity of baggage, said trunk and contents being of the value of three hundred and five (305) dollars, and became a passenger upon the cars and ferry boats of the West Shore Railroad, to the city of New York. Plaintiff and his baggage reached the station of the West Shore Railroad at the foot of West Forty-second _ street, New York city, at eleven o’clock at night of the said 22d day of January, 1886 (said day being Friday), and his said trunk and its contents then remained in the charge of defendant, and were placed by defendant’s employees in the baggage room of defendant, at said West Shore station. A fire occurred at said station at seven o’clock in the morning of Sunday, the 24th day of January, 1886, by which fire plaintiff’s trunk and its contents were destroyed. Plaintiff did not call for his trunk and the contents until after the occurrence of said fire and destruction of said trunk and its contents. The baggage was not claimed by plaintiff. It remained in the charge of defendant and was placed in the baggage-room at the West Forty-second street station. A fire occurred at this station at seven A. m., Sunday, January 24, 1886? by which fire plaintiff’s baggage was destroyed. Plaintiff did not call for his baggage before it had been destroyed. The question submitted to the court is, whether defendant is liable to pay plaintiff $305, the value of the baggage destoyed.
Frederick Hemming, for pl’ff; H. E. Kinney, for def’t.
Per Curiam.—There should be judgment for defendants, with costs.